STOKER, Judge.
This appeal arises out of a suit to annul an executory proceeding. The plaintiffs, Bryan R. and Phyllis P. Staton, sought to annul an executory proceeding filed by New Iberia National Bank and to revoke the sale of their property which was mortgaged to the Bank. The plaintiffs named as additional defendants in the suit, Errol Romero, Sheriff of Iberia Parish, several of his deputies and the Bank’s attorney. All of the defendants filed exceptions of no cause of action and prescription. A hearing was had on the exception of prescription after which the trial court sustained the exception and dismissed the plaintiffs’ suit. Plaintiffs have appealed the judgment which dismissed their suit. The plaintiffs assert that it was error for the trial court to dismiss their suit pursuant to LSA-R.S. 13:4112. We amend and affirm the judgment as amended.
IS LSA-R.S. 13:4112 APPLICABLE TO PLAINTIFFS’ SUIT?
The mortgaged property in question was seized pursuant to an order of executory process in October of 1984. The property was sold by the Sheriff in May of 1985. Plaintiffs filed this suit in December of 1985 alleging that the sale under executory process was an absolute nullity for the reasons that: (1) the documents were not in authentic form; (2) the Sheriff’s process verbal was not signed in the presence of witnesses and was not proper in form; (3) the sale was not conducted by the Sheriff himself; (4) the appraisers were paid sums in violation of the law; (5) the Sheriff’s commission was not earned and is an unconstitutional taking of property; (6) the attorney’s fees sued for constitute an unconstitutional taking of property and were not earned; (7) the appraisers were not properly sworn; (8) the appraisal forms are incomplete; (9) the attestations of the process verbal are false; (10) the Bank did not purchase the property for “cash,” and (11) executory process is unconstitutional. The plaintiffs sued to annul the proceedings and asked for monetary damages.
The trial court, in its written reasons for judgment, found that LSA-R.S. 13:4112 controlled the disposition of plaintiffs’ suit. LSA-R.S. 13:4112 states that:
No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish. Any party seeking to annul or set aside a judicial sale of immovable property through executory proceedings filed for record before the adoption of this Section must do so within six months of September 12, 1975. Nothing herein shall be construed to affect legal defenses otherwise available to any person against whom a deficiency judgment is sought after the public sale of immovable property through executory proceedings.
The trial court went on to say in its written reasons that while these allegations might be raised to bar a subsequent proceeding for a deficiency judgment, they could not be used to annul the executory proceeding. On this basis the trial court sustained the defendants’ exception of prescription.
We find no error in the trial court’s action in dismissing plaintiffs’ suit; however, the proper basis upon which to dismiss the action would have been on the exception of no cause of action rather than on the exception of prescription. LSA-C.C.P. art. 927. We need not supply this objection because it was pleaded in the court below; there *365 fore, we amend the judgment of the trial court to dismiss the plaintiffs’ suit for the reason that it fails to state a cause of action for which the relief sought may be granted.
Accordingly, the judgment appealed from as amended is affirmed. The costs of this appeal are assessed to the plaintiffs-appellants.
AMENDED AND AFFIRMED AS AMENDED.